445 F.2d 813
 TRANSIT CASUALTY COMPANY, Plaintiff-Appellant,
v.
GATOR SYSTEMS, INC., et al., Defendants-Appellees.
No. 71-1071 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises
v.
Citizens Cas. Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).
 United States Court of Appeals, Fifth Circuit.
 July 18, 1971.
 
 T. Paine Kelly, Jr., H. Vance Smith of Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for plaintiff-appellant.
 David G. Hanlon, Shackleford, Farrior, Stallings & Evans, P.A., Tampa, Fla., for Redwing Carriers, Inc. and Transport Indemnity Co.
 E. R. Mills, Jr., Ocala, Fla., for O'Neal and others.
 Albert N. Fitts, Sanford, Fla., for Gator Systems and others.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Transit issued a liability insurance contract to Gator Systems and Joe T. Corley, under which it insured a commercial trucking business. It brought this action seeking a declaratory judgment as to whether it was responsible for damages and injury caused by Floyd Baker. The district court answered in the affirmative and this appeal followed.
 
 
 2
 Baker owned a tractor which had been leased to a motor common carrier for use by that company. He obtained the tractor from that carrier on the night of January 3, 1968. On the same day he had been to Gator Systems and had made an oral agreement to use his tractor and one of Gator's trailers to take a load of eggs to New Jersey and to transport a load of drums on the return trip. Gator Systems was in the business of transporting eggs and drums. On January 4, 1968 Baker went to a truck stop where he picked up Gator's trailer and proceeded to the farm of one of Gator's suppliers. There the eggs were loaded by a Gator employee and Baker started back to Gator's lot in Sanford to finish out the load and proceed to New Jersey. He was to get the necessary permits and decals for the trip to New Jersey upon arriving at Gator's lot. He had a certificate to operate in Florida carrying exempt goods (eggs) but not in interstate commerce. Baker was involved in an accident en route to Sanford and this accident gave rise to the coverage questions here involved.
 
 
 3
 Transit's policy endorsement makes Baker an insured if his tractor was being used exclusively in the business of Gator Systems at the time of the accident. Transit's theory of non-exclusivity is that Baker had a state certificate and was not operating under a written lease; hence at the time he was doing his own business as well as Gator's.
 
 
 4
 The district court found to the contrary and we agree. Gator had complete control over all aspects of the trip under an oral agreement with Baker. Its trailer, supplier, and expense money were involved, not Baker's. Gator Systems insured the eggs and its employee loaded the trailer. Gator arranged for another truck after the accident. Baker was simply in the business of renting out his tractor and himself as driver and was not in the business of hauling eggs. His tractor was in the exclusive use of Gator Systems at the time of the accident.
 
 
 5
 Appellant urges Carolina Casualty Ins. Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co., 3 Cir., 1964, 327 F.2d 324; and St. Louis Fire and Marine Ins. Co. v. Aetna Ins. Co., S.D.W.Va., 1968, 283 F.Supp. 40, in support of its position. As the district court noted, these cases are not in point. Cf. Walter v. Dunlap, 3 Cir., 1968, 368 F.2d 118, which is more nearly in point and which supports the judgment of the district court.
 
 
 6
 Affirmed.